IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

ENTERGY ARKANSAS, LLC PLAINTIFF

v. NO. 4:26cv899-LPR

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS
SEP 01 2026
TAMMY H. DOWNS, CLERK
By: DEP CLERK

ARKANSAS DEMOCRAT-GAZETTE, INC.;
SYDNEY SASSER;
ARKANSAS TIMES LP;
BYRON TATE; and
JESSICA KIVELL DEFENDANTS

**MOTION FOR EX PARTE TEMPORARY RESTRAINING ORDER**

Plaintiff Entergy Arkansas, LLC ("EAL") moves this court for an ex parte temporary restraining order under Fed. R. Civ. P. 65(b):

1. As detailed in EAL's verified complaint and the brief supporting this motion, EAL brings this action to prevent further dissemination and disclosure of trade secrets contained in highly sensitive protected information ("HSPI") that EAL submitted to the Arkansas Public Service Commission ("PSC"). The PSC has mistakenly disclosed EAL's trade secrets in response to a Freedom of Information Act ("FOIA") made by one of the defendants in this action. Further disclosure of that information poses grave harm to EAL and violates both federal and state law, so EAL seeks a temporary restraining order, a preliminary injunction, and a permanent injunction.

2. EAL seeks a temporary restraining order restraining and enjoining defendants each of the defendants from further disclosing or otherwise using EAL's

trade secrets mistakenly disclosed by the PSC. EAL also requests that the Court direct defendants to disclose all other individuals or organizations to whom they have disclosed EAL's trade secrets. In addition, EAL requests that the Court order the defendants to remove from their websites any disclosure of EAL's trade secrets that has already occurred.

3. Unless this motion is granted, EAL will suffer immediate and irreparable injury, loss, and damage if defendants are permitted to continue disclosing EAL's trade secrets until a hearing can be had on EAL's forthcoming motion for a preliminary injunction as more fully set forth in EAL's verified complaint.

4. The temporary restraining order should remain in place pending a hearing and determination on EAL's forthcoming motion for a preliminary injunction.

5. As required by Fed. R. Civ. P. 65(b), EAL's verified complaint was accompanied by a certificate of counsel regarding notice to the defendants.

WHEREFORE, EAL requests that the Court enter a temporary restraining order:

a) restraining and enjoining defendants each of the defendants from further disclosing or otherwise using EAL's trade secrets mistakenly disclosed by the PSC;

b) directing defendants to disclose all other individuals or organizations to whom they have disclosed EAL's trade secrets;

c) and ordering the defendants to remove from their websites and publications any disclosure of EAL's trade secrets that has already occurred.

WRIGHT, LINDSEY & JENNINGS LLP
200 West Capitol Avenue, Suite 2300
Little Rock, Arkansas 72201-3699
(501) 371-0808
FAX: (501) 376-9442
slancaster@wlj.com; gmarts@wlj.com

By ______________________________
Stephen R. Lancaster (93061)
Gary D. Marts, Jr. (2004116)

Attorneys for Entergy Arkansas, LLC